IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

                    Plaintiff,

v.                                         OPINION and ORDER

ADAM KNEUBUHLER and OFFICER MUIR,         23-cv-258-jdp

                    Defendants.

---

Plaintiff Randin Divelbiss, appearing pro se, alleges that Madison police officers falsely arrested him in retaliation for him making an offensive gesture. I granted Divelbiss leave to proceed on First Amendment retaliation and Fourth Amendment false arrest claims. Defendants have filed a motion to dismiss on statute of limitations grounds, Dkt. 13, which I will grant in part.

Defendants contend that because Divelbiss alleges that the false arrest occurred in 2019, his April 2023 complaint is time barred under the applicable statute of limitations. For claims like these brought under 42 U.S.C. § 1983, federal courts use the statute of limitations governing personal injury actions in the state where the injury took place. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Wisconsin has a three-year personal injury statute of limitations. Wis. Stat. § 893.53.

Divelbiss did not file a complete brief opposing defendants' motion, instead filing a copy of defendants' motion and writing his arguments in the margins. Dkt. 18. I warn Divelbiss that I won't accept future filings like this; instead he is required to create his own handwritten or word-processed documents. But his argument here is clear: he states that his claims fall

within the statute of limitations because his criminal charges stemming from the incident were not dismissed until April 2021.

I will grant defendants' motion to dismiss on Divelbiss's false arrest claim because that claim accrues once the plaintiff becomes detained pursuant to legal process—it doesn't matter when his charges were dismissed. *See Wallace v. Kato*, 549 U.S. 384, 388–89 (2007). Electronic Wisconsin court records show that Divelbiss's initial appearance was on March 28, 2019. *See State v. Divelbiss*, Dane County Case No. 2019CM665. Divelbiss filed his complaint more than three years later, so he cannot maintain a false arrest claim. The same logic holds for Divelbiss's retaliation claim about his arrest. *See, e.g., Williams v. Huebsch*, No. 19-cv-628-bbc, 2020 WL 68237, at *2 (W.D. Wis. Jan. 7, 2020) (dismissing on statute-of-limitation grounds retaliatory arrest claims along with false arrest claims); *Nitz v. Birkette*, No. 11 C 0044, 2011 WL 1258355, at *2 (N.D. Ill. Mar. 31, 2011) (same).

However, "false arrest" is not the only legal theory that could support a Fourth Amendment claim regarding the events here. Divelbiss's allegations also support a malicious prosecution claim against defendants. *See Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). Unlike a false arrest claim, a malicious prosecution claim "accrues when the underlying criminal prosecution is terminated without a conviction." *Smith v. City of Chicago*, No. 19-2725, 2022 WL 2752603, at *1 (7th Cir. July 14, 2022), *amended on denial of reh'g,* No. 19-2725, 2022 WL 19572962 (7th Cir. Aug. 4, 2022). I did not explicitly allow Divelbiss to proceed under a malicious prosecution theory but he does state a claim under that theory, given the generosity with which this court must construe pro se complaints. And a claim under that theory survives the motion to dismiss because Divelbiss's criminal proceedings were dismissed within three years of him filing his complaint. So I will deny defendants' motion to dismiss in part and allow

him to continue with his Fourth Amendment claim. But Divelbiss's retaliation claim based on the same conduct is time barred. *See Towne v. Donnelly*, 44 F.4th 666, 672 (7th Cir. 2022) (unlike malicious prosecution claim, retaliatory prosecution claim accrues upon issuance of charges).

ORDER

IT IS ORDERED that defendants' motion to dismiss, Dkt. 13, is GRANTED in part. Entered September 19, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge