IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

                Plaintiff,

v.

ADAM KNEUBUHLER and OFFICER MUIR,

                Defendants.

OPINION and ORDER

23-cv-258-jdp

---

RANDIN DIVELBISS, AIMEE BISHOPPE,
VADYM TROYANSKOV, OLESKI RAINS,
OLGA VIRTUIN, and HILLARY HIMMLER,

                Plaintiff,

v.

MADISON PUBLIC LIBRARY STAFF,
GREG MIKELS, TANIA ELIAS,
ATHIAS N. LEMOS CASTILLO, LISA HEMPSTEAD,
G. CARTER, SALUD GARCIA, JOLYNNE ROORDA,
and PLUMER LOVELACE,

                Defendants.

OPINION and ORDER

24-cv-651-jdp

---

Plaintiff Randin Divelbiss, proceeding without counsel, brings these two lawsuits. In Case No. 23-cv-258-jdp, he contends that Madison police officers maliciously prosecuted him in retaliation for him making an offensive gesture. In 24-cv-651-jdp, he contends that Madison library staff violated his and other co-plaintiffs' First Amendment rights by barring them from speaking freely and banning them from the library.

Divelbiss has repeatedly failed to properly prosecute his various lawsuits in this court. I have dismissed other recent lawsuits brought by Divelbiss for his failure to prosecute them by failing to respond to defendants' discovery requests and motions. *See Divelbiss v. Thom*,

No. 23-cv-259-jdp, Dkt. 41 (Apr. 15, 2024); *Divelbiss v. Elbe*, No. 23-cv-299-jdp, Dkt. 29 (July 12, 2024). And earlier in the '258 case, I noted that Divelbiss responded to defendants' motion to dismiss by filing a copy of defendants' motion and writing his arguments in the margins; I warned him that I would not accept similar filings in the future. Dkt. 24 in the '258 case, at 1.

Now in the '651 case, Divelbiss hasn't responded to my order dismissing his original complaint. Dkt. 4 in the '651 case. And in the '258 case, defendants state that Divelbiss didn't respond to any of their discovery requests. Divelbiss hasn't disputed this contention. Nor did Divelbiss properly respond to defendants' summary judgment motion by following this court's procedures for briefing summary judgment motions, *see* attachments to Dkt. 27; he instead again filed a response mostly comprised of a copy of defendants' brief that he has handwritten over. Dkt. 45 in the '258 case. He also filed a document calling defendants "communist PIGS," a "dipshitt [sic] detective" and a "white supremist [sic] cop." Dkt. 46.

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Although a court ordinarily warns a party to stop the offending behavior before dismissing a case, Divelbiss's repeated failures to properly prosecute his cases or follow this court's rules, coupled with his misconduct in using abusive language toward an opposing party, justify dismissal of both of these cases. Any future misconduct by Divelbiss, including his failure to prosecute additional cases, may result in the court sanctioning him with a filing bar.

ORDER

IT IS ORDERED that:

1. These cases are DISMISSED as a sanction for plaintiff's misconduct.

2. The clerk of court is directed to enter judgment accordingly and close these cases.

3. All pending motions in these cases are DENIED as moot.

Entered January 13, 2025.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge